No. 10,816.

## JAMES CLARKE & CO. VS. THEIR CREDITORS.

43 735
52 1618

A provisional syndic can only claim commissions on effects of the insolvent which have been confided to his care.

He can not claim commissions on effects which have been pledged, although properly on the schedule. He has a right to liquidate the debt and secure *residuum* for creditors, upon which commissions should be allowed.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*John M. Baldwin* and *Walter D. Denégre* for Opponent and Appellee:

1. A provisional syndic is entitled to receive for his trouble and services 1 per cent. on the appraised value of the goods and effects confided to his care. R. S., Sec. 1793.

2. Where movables are validly pledged by an insolvent more than three months before his cession, and are in the hands of the pledgees at the time of the cession, the right of the pledgees to retain control and possession of these movables is an essential constituent of the *jus pignoris*, and this pledged property can not be subjected to the costs and burdens of administration by syndics. Renshaw vs. His Creditors, 40 An., p. 3.

*E. T. Florance*, for the Provisional Syndic, Appellant:

1. An insolvent "must mention in his schedule" "all his property." Rev. St., Sec. 1786; Civ. Code, Arts. 2170, 2174.

2. "All the property of an insolvent" includes everything he owns except what is exempt from execution. Rev. St., Sec. 1786; Civ. Code, Art. 2183.

3. The fees of a provisional syndic are calculated "on the estimated value of the goods and effects confided to his care." Rev. St., Sec. 1793.

4. A provisional syndic is required "to take conservatory measures" to protect the interests of all concerned. Rev. St., Sec. 1793; Matthews & Finlay vs. Cred., 11 An. 38.

5. Pledged property, as it forms part of the insolvent's estate (Renshaw vs. Cred., 40 An. 37), and is mentioned in the schedule, is included for purposes of calculation of the provisional syndic's commissions, in the words "goods and effects confided to his care." Jacquet vs. Cred. 38 An. 863.

The opinion of the court was delivered by

McENERY, J. The facts in this case are as follows:

1. John R. Picton was the provisional syndic of James Clark & Co.

2. As appears from the inventory taken immediately after the appointment of said provisional syndic, the total assets of the insolvent were appraised at $84,588.63, all of which were mentioned in the schedule filed by the insolvent, but of which assets there came into the actual physical possession of the provisional syndic a certain amount appraised at $16,402.84.

The balance of the schedule assets so appraised consisted of coffee and notes belonging to the insolvent, but in the hands of pledgees.

The coffee was sold by the pledgees, and the proceeds thereof credited by them on the amount due by the insolvent, leaving a balance still due on the debt for which the coffee was pledged.

3. The assets to be distributed by the provisional syndic exceed $2000; the debts to be paid therefrom exceed the assets; consequently the percentage to be paid to creditors of inferior rank depends on the amount to be allowed as commission to the provisional syndic.

4. The provisional syndic was called on by creditors to investigate the validity of all these pledges with a view to protecting the rights of creditors, and performed the duty required of him.

5. The provisional syndic, with the authorization of the court, took legal proceedings to attempt to recover for the estate the surplus remaining over (as claimed) from two of these pledges, to which proceedings the syndic afterwards succeeded, and which proceedings are still pending—the amount in contest being $8000.

6. If the amount of the commissions to which the provisional syndic is entitled is to be calculated upon the total amount of assets, as it appears in the schedule and inventory, including the pledged assets, the amount of those commissions is $845.88; if the amount is to be calculated only on the appraised value of the assets that came into the physical possession of the provisional syndic, then those commissions will amount to $164.02.

7. This appeal is taken only from the portion of the judgment of the lower court that maintains the opposition to the item of " commissions of provisional syndic."

The question submitted for determination is: Can the provisional syndic be paid commissions on pledged property of the insolvent?

The provisional syndic is entitled to a commission on the goods and effects of the insolvent confided to his care.   Sec. 1793, R. S.

The mere cession of the property of an individual does not give the provisional syndic the right to demand and take possession of effects of the insolvent which have been pledged.   The pledgee has the undoubted right to retain the property until his debt is satisfied.   In a proper case the syndic can sue to liquidate the debt and reduce to possession the residuum, if any, for the benefit of the creditors of the insolvent.   Renshaw vs. His Creditors, 40 An. 37.

In this case the provisional syndic has not obtained any balance due the insolvent's estate from the pledged effects.

The fact of suit having been brought at the solicitation of creditors, to liquidate some of the debts, and secure possession of the pledged property, does not entitle him to commissions.

He has not received them on deposit and they have not been confided to his care.

The institution of this suit was a necessary proceeding to get possession of the pledged property; but it may be that the syndic will fail in efforts to secure possession of the same.

It is also contended by the provisional syndic, as the insolvent is required to place on his schedule all his property, movable and immovable, rights and actions, and these pledged effects were on his schedule, he had the right to commissions on the same, and bases his demand on the provisions of Section 1791, Revised Statutes, which says "all the property of the insolvent debtor on his schedule vests in the creditor."   It is of course the duty of the insolvent to make out a complete schedule, as required by the insolvent laws, but he can only deliver to the syndic such property as he has in his possession, or which he controls.   Pledged property is not in his possession, and he can not get possession of it without satisfying the debt.

Its place on the insolvent's schedule does not, as stated above, divest the pledgee's possession.

The syndic can only claim commissions on such effects which have come into his possession, and which have been confided to his care.

The pledged property has never been in his possession and confided to his care, and he, therefore, has no claim to commissions on it.

Judgment affirmed.
      47